## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG CUNNINGHAM on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PENN L.L.C. d/b/a PULSETV.COM<br><br>    Defendant. | Case No. 2019-CV-2547<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT PENN L.L.C. D/B/A PULSETV.COM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES the Defendant, PENN L.L.C d/b/a PULSETV.COM ("PulseTV" or ("Defendant"), by its attorneys, BROTSCHUL POTTS LLC, and for its answer and affirmative defenses to Plaintiff's class action complaint, states as follows:

### Preliminary Statement

1.     Plaintiff Craig Cunningham ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

**ANSWER:**     Defendant denies any wrongdoing or unlawful conduct or that Plaintiff Cunningham is entitled to any damages or other relief. Defendant denies the allegations contained in this paragraph 1.

2. The Plaintiff alleges that Penn L.LC. d/b/a PulseTV.com ("PulseTV.com") sent an automated text message to the Plaintiff and other putative class members without their prior express written consent.

**ANSWER:** Defendant denies the allegations in this paragraph 2.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of PulseTV.com.

**ANSWER:** The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations in this paragraph 3.

4. A class action is the best means of obtaining redress for the Defendant's wide- scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations of this paragraph 4.

**Parties**

5. Plaintiff Craig Cunningham resides in Texas.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph 5.

6.    Defendant Penn L.L.C. d/b/a PulseTV.com is a Delaware limited liability company with its principal place of business at 7851 185th St., No. 106 in Tinley Park, IL 60477. PulseTV.com has a registered agent of Tom Zegar located at the same address.

**ANSWER:**    Defendant admits the allegations in this paragraph 6.

## Jurisdiction & Venue

7.    The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

**ANSWER:**    Without admitting that Plaintiff Cunningham has standing to bring his claims, Defendant admits that this Court has subject matter jurisdiction over this lawsuit.

8.    Venue is also proper pursuant to 28 U.S.C. § 1391(b)(l) because the Defendant resides in this District.

**ANSWER:**    Defendant admits that venue is proper in this District because the Defendant resides in this District.

9.    Venue is proper pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls at issue that gave rise to the Plaintiffs claims occurred from this District.

**ANSWER:**    Defendant admits that venue is proper in this District but denies that a substantial part of the events giving rise to the claim occurred in this District and denies the remaining allegations in this paragraph 9.

## The Telephone Consumer Protection Act

10.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can

be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 10.

### The TCPA Prohibits Automated Telemarketing Calls to Cellular Telephones

11.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(l)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C.

§ 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 11.

12.    In enacting the TCPA, Congress expressly found that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[,]... consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers[,],... [e]vidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy[,]... [and that] [b]anning such automated or prerecorded telephone calls to the

home, except when the receiving party consents to receiving the call or when such calls are effective means of protecting telephone consumers from this nuisance and privacy invasion."

**ANSWER:** The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 12.

13. In enacting the TCPA, Congress gave the Federal Communications Commission ("FCC") the power to prescribe regulations to implement the TCPA.

**ANSWER:** The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 13.

14. In 2013, the FCC prescribed a regulation requiring prior express written consent for all autodialed or prerecorded calls ("robocalls") which include or introduce an advertisement or which constitutes telemarketing to wireless numbers. Specifically, it required:

> "[A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.
>
> (i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:
>
> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

47 C.F.R. §§ 64.1200(a)(2) and (f)(8).

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 14.

### The Growing Problem of Automated Calls

15.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at§ 2(3).

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 15.

16.     By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Red. 14014, ¶¶2, 8 (2003).

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies that Plaintiff has accurately and completely set forth the relevant provisions of the TCPA and denies the remaining allegations of this paragraph 16.

17.     Unfortunately, the problems Congress identified when it enacted the TCPA have grown only worse in recent years.

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 17.

18.    Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018-a 466% increase in three years.

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 18.

19.    According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. See id.

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 19.

20.    The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited April 10, 2019).

**ANSWER:**    The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 20.

**Factual Allegations**

21.     PulseTV.com sells after market goods and electronics.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph. Further answering, the allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations of this paragraph 21.

22.     To generate placements, PulseTV.com relies on telemarketing.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph. Further answering, the allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations of this paragraph 22.

23.     PulseTV.com's telemarketing includes sending automated calls using SMS codes, which is systemic data used to track automated text messages.

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations of this paragraph 23.

24.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response. To the extent they require a response, Defendant denies the allegations of this paragraph 24.

25.     Mr. Cunningham's telephone number, (214) 531-XXXX, is a cellular telephone number.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph 25.

26.     Despite being a cellular telephone number, Mr. Cunningham received an unsolicited and automated text message from the Defendant.

**ANSWER:**     Defendant denies the allegations in paragraph 26.

27.     A copy of the text message is below:



**ANSWER:**     Defendant denies the allegations in paragraph 27.

28.     The call was made from SMS Code 39664.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph.  Further answering, the allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 28

29.     The fact that a SMS code was used to send the text message is evident that it was sent using an ATDS, as SMS codes are reserved for automatically made text messages.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph.  Further answering, the allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 29.

30.     In fact, this specific SMS Code is registered to MessageMedia.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the Plaintiff's allegation in this paragraph.  Further answering, the allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 30.

31.     MessageMedia's website, www.messagemedia.com, boasts the ability to send more than 170,000,000 text messages a month.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph 31.

32.     These facts support the Plaintiff's allegation that the calls were made using an "Automatic Telephone Dialing System", as that term is defined by the TCPA.

**ANSWER:**     The allegations of this paragraph state legal conclusions and arguments that require no response.  To the extent they require a response, Defendant denies the allegations of this paragraph 32.

33.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

**ANSWER:**     Defendant denies the allegations in this paragraph 33.

34.     Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**ANSWER:**     Defendant denies the allegations in this paragraph 34.

## Class Action Allegations

35.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER:**     Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 35.

36.     The class of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States to whom Defendant or a third party acting on its behalf, (a) made one or more non-emergency telephone calls; (b) to their cellular

telephone number; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; (d) at any time in the period that begins four years prior to the date of the filing of the Complaint through trial.

Excluded from the class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 36.

37. The class as defined above are identifiable through phone records and phone number databases.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 37.

38. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 38.

39. Plaintiff is a member of the proposed class.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 39.

40. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether Defendant violated the TCPA by using automated calls to contact putative class members' cellular telephones;

b. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call;

c. Whether the Plaintiff and the class members are entitled to damages in the amounts liquidated by the TCPA because of Defendant's actions.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 40.

41. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 41.

42.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER:**     Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 42.

43.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:**     Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 43.

44.     Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**ANSWER:**     Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 44.

45. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 45.

46. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER:** Defendant denies that any class exists, denies that Plaintiff can maintain this action as a class action, denies that the class as alleged can be certified, and denies the remaining allegations of this paragraph 46.

## Causes of Action

### Count One:
### Violation of the TCPA's Automated Call Provisions

47. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Defendant restates its responses to all previous paragraphs as if fully stated herein.

48. The Defendant violated the TCPA by (a) initiating telephone calls using an automatic telephone dialing system to telephone numbers assigned to a cellular telephone service without the prior express consent of the called party. See 47 C.F.R. § 64.1200(a)(l);

**ANSWER:** Defendant denies the allegations in this paragraph 48.

49. In the alternative, Defendant violated the TCPA by the fact that it authorized and employed agents to make such calls on its behalf.

**ANSWER:**   Defendant denies the allegations in this paragraph 49.

50.    The Defendant's violations were willful and/or knowing.

**ANSWER:**   Defendant denies the allegations in this paragraph 50.

51.    Under the TCPA, the Plaintiff is entitled to injunctive relief. The Plaintiff seeks injunctive relief prohibiting Defendant from calling cellular telephone numbers using an automatic telephone dialing system, absent emergency circumstances.

**ANSWER:**   Defendant denies the allegations in this paragraph 51.

52.    In addition, plaintiff seeks damages of $500.00 for each such violation. *See* 47 U.S.C. § 227(b)(3).

**ANSWER:**   Defendant denies the allegations in this paragraph 52.

53.    Plaintiff requests the Court to exercise its discretion and treble such damages for each willful or knowing violation.

**ANSWER:**   Defendant denies the allegations in this paragraph 53.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendant's actions complained of herein violate the TCPA;

E.    An order enjoining Defendant from cellular telephone numbers using an automatic telephone dialing system, absent emergency circumstances;

F.    An award to Plaintiff and the Class of damages, as allowed by law;

G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

H.    Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**ANSWER:** Defendant denies that Plaintiff and putative Class members are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendant PulseTV.com does not concede or waive the issue of which party bears the burden of proof as to any of the following:

### First Affirmative Defense
### (Prior Express Consent)

Plaintiff Cunningham, and members of the putative class, provided prior express consent to receive the alleged text.

### Second Affirmative Defense
### (Ratification)

Plaintiff Cunningham's claims are barred, in whole or in part, by the doctrine of ratification because Plaintiff Cunningham acquiesced to any conduct allegedly engaged in by Defendant.

### Third Affirmative Defense
### (No Use of Automatic Telephone Dialing System)

The telephone system allegedly used to send the text at issue does not qualify as an automatic telephone dialing system as defined by the Telephone Consumer Protection Act.

### Fourth Affirmative Defense
### (Lack of Vicarious Liability)

Defendant PulseTV is not liable for the alleged text because any such text would have been sent by third parties for whose actions Defendant cannot be held vicariously liable.

### Fifth Affirmative Defense
### (Waiver)

Plaintiff Cunningham's claims are barred by the doctrine of waiver.

### Sixth Affirmative Defense
### (Estoppel)

Plaintiff Cunningham has waived and is otherwise estopped from pursuing his claims.

### Seventh Affirmative Defense
### (Unclean Hands)

Plaintiff Cunningham's claims are barred by the doctrine of unclean hands in that Plaintiff's own actions are the cause of the allegations in his Complaint.

### Eighth Affirmative Defense
### (Lack of Standing)

Plaintiff Cunningham lacks standing to bring the claims at issue.

### Ninth Affirmative Defense
### (Implementation of Policies & Procedures)

Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent texts sent in violation of the TCPA, including procedures required by 47 C.F.R. § 64.1200(c) and (d).

### Tenth Affirmative Defense
### (Frolic & Detour)

To the extent any violation of the TCPA was committed by agents or employees of Defendant in direct contravention to established company policies, such conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance, but in direct contravention, of Defendant's policies. Defendant is not vicariously liable for such acts.

### Eleventh Affirmative Defense
### (Indemnification)

To the extent Defendant is liable to Plaintiff for any damages, Defendant is entitled to indemnification for one or more third parties.

### Twelfth Affirmative Defense
### (Lack of Due Process)

The TCPA violates the First Amendment, the Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment to the Constitution of the United States of America and is unconstitutional under State law.

### Thirteenth Affirmative Defense
### (Statute of Limitations)

The claims of purported class members are barred by the statute of limitations.

### Fourteenth Affirmative Defense
### (Reassigned Numbers Exemption)

The claims of Plaintiff Cunningham and class members are barred by the FCC's ruling exempting texts to reassigned phone numbers.

### Fifteenth Affirmative Defense
### (Inadequate Revocation of Consent)

The claims of Plaintiff Cunningham and class members are barred to the extent Plaintiff Cunningham and class members failed to property revoke consent to receive the texts at issue.

### Sixteenth Affirmative Defense
### (No Direct Liability)

Pursuant to the FCC's rules and regulations, the text complained of in the Complaint was not "sent" by Defendant and, accordingly, Defendant is not directly liable for the alleged text under the TCPA.

### Seventeenth Affirmative Defense
### (No Article III Standing)

Plaintiff Cunningham's interests were not violated by the alleged text as it did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers and, accordingly, Plaintiff has not suffered an injury-in-fact sufficient to satisfy Article III standing requirements.

### Eighteenth Affirmative Defense
### (Intervening Causes)

Plaintiff Cunningham's claims and the claims of the proposed class are barred, in whole or in part, because any alleged damages were not caused by Defendant but, instead, by intervening and superseding causes or circumstances.

### Nineteenth Affirmative Defense
### (Acts of Others)

Plaintiff Cunningham's claims and the claims of the proposed class are barred, in whole or in part, because any alleged damages were caused by the acts or omissions of third parties for which Defendant is not responsible.

### Twentieth Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff Cunningham's claims and the claims of the proposed class are barred, in whole or in part, for the failure to mitigate damages.

### Twenty-First Affirmative Defense
### (Substantial Compliance)

Defendant asserts that, at all relevant times, it acted in good faith and in substantial compliance with the TCPA.

### Twenty-Second Affirmative Defense
### (Failure to Join Party Under Rule 19)

Plaintiff Cunningham's claims, and the claims of the proposed class, should be dismissed for failure to join a party under Federal Rule of Civil Procedure 19.

### Twenty-Third Affirmative Defense
### (Failure to State a Claim)

Plaintiff Cunningham's claims, and the claims of the proposed class, are barred, in whole or in part, for failure to state a claim under which relief may be granted.

### Twenty-Fourth Affirmative Defense
### (No Causation)

Plaintiff Cunningham's claims, and the claims of the proposed class, are barred, in whole or in part, because Defendant was not the cause of any damages allegedly incurred by Plaintiff Cunningham and the proposed class.

### Twenty-Fifth Affirmative Defense
### (Reservation of Rights)

Defendant does not yet have knowledge of all facts and evidence surrounding this matter and, as a result, reserves its right to amend its Answer to raise additional affirmative defenses as they are discovered.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of any and all issues in this action so triable of right.

Dated: June 7, 2019                         Respectfully submitted,

                                            PENN L.L.C. d/b/a PULSETV.COM


                                            By:    /s/ Keith L. Gibson_____
                                                      One of Its Attorneys



Keith L. Gibson – IL ARDC # 6237159
Brotschul Potts LLC
30 N. LaSalle Street, Suite 1402
Chicago, Illinois 60602
(312) 551-9003
kgibson@brotschulpotts.com

## <u>CERTIFICATE OF SERVICE</u>

  I, Keith L. Gibson, an attorney, certify that, on June 7, 2019, this Defendant, Penn L.L.C. d/b/a PulseTV.com's Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


       By: <u>/s/ Keith L. Gibson    </u>
          One of Its Attorneys